Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br><br>           Plaintiff,<br><br>v.<br><br>**DOES 1- 12,**<br><br>           Defendants. | Case No.:    2:13-cv-00292-AA<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO ANONYMOUS OBJECTIONS<br><br>Document 18, IP 66.191.1045<br>Document 19, IP 68.119.7.61<br>Document 20, IP 68.119.7.61 |

PLAINTIFF'S RESPONSE IN OPPOSITION TO ANONYMOUS OBJECTIONS

### I.  INTRODUCTION

Two *pro se* parties have filed anonymous objections to the outstanding subpoenas. Docs. 18-20. Documents 19 and 20 appear to be duplicates. Neither party has been named as a defendant which plaintiff believes is actually liable in the pending action. Accordingly, plaintiff presently requires the issued subpoenas and requires continued discovery to ascertain the identity of the infringers. Pending further discovery, plaintiff refers to the filing parties as Anonymous Movants and herein responds.

## II. BACKGROUND

The background of this case is well reviewed in prior filings, including plaintiff's Report to the Court and Response to the Order to Show Cause.  Docs. 12, 15.

## III. DISCUSSION

Anonymous Movants file objections to the issued subpoenas, and in one instance requests that "personal data and privacy" be protected.

### A. Burden

"The party moving to quash a subpoena bears the burden of persuasion." *Webster v. Northwest Cancer Specialists, P.C.*, No. 11-1543 (D. Or., 2012), citing *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

#### 1. Lack of Standing to Oppose Subpoena

Anonymous Movants are non-parties.  As such they lack standing to challenge the issued subpoenas unless there is a personal interest or privilege in the sought after material. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (subpoenas served on MySpace, Facebook, etc.; collecting cases).  Presently, no privilege is claimed and there is no protected personal interest at issue.

#### 2. No Confidential Information is Sought

In the 9th Circuit, an IP address and even the "to/from" fields for email do not carry an expectation of privacy as these are the same as the address on a public package. *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007), *citing Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979).  Indeed, Anonymous Movants in this case have already caused their IP addresses to be broadcast repeatedly in communications and requests for data and have through their ISPs designated where the deliveries of requested data are to be made.  "[T]here is no expectation of

privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill., 2009); see also *Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001); *United States v. Simons*, 206 F.3d 392 (4th Cir. 2000).

    47 U.S.C. § 551(c)(2) specifically permits disclosure in instances such as this and 47 U.S.C. § 551(c)(2)(B) specifically permits disclosure pursuit to court order *without* advance notice to the subscriber. To the extent there is a notice requirement of U.S.C. § 551(c)(2)(C), this requirement is not to create a privacy interest to limit disclosure, but to permit a legitimate privacy interest or privilege to be asserted. Identity and basic subscriber information, defined by statute, does not include content which may be protected by Stored Communications Act 18 U.S.C. §§ 271 et seq. and is not at issue in this case. As such, there is no basis for Anonymous Movants objections based on privacy interests.

### 3. No right to appear anonymously

    Courts unanimously hold that a plaintiff's First Amendment right under the petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer. *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

    Generally a party's desire to appear anonymously does not outweigh an opposing party's right to present their case and requires a showing of "special circumstances." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Such special circumstances are balanced against the public interests which are best served when litigant's identities are revealed. *Id.* In the present case, there are no such special circumstances claimed. Anonymous Movants simply expect to be immune to the standard rules of discovery and the law with respect

to the public policy favoring disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Absent a showing of special circumstances that outweigh the court's and the public's interest in an open judicial system, Anonymous Movants should not be allowed to appear anonymously. As such, the objections should be denied.

### B. Relevance

The Anonymous Movant of Documents 19 and 20 appears to argue that despite taking "all reasonable precautionary steps" to maintain security, it is still possible for such security to be compromised. Plaintiff suspects this is essentially a relevance argument, namely that Anonymous Movant may not be the infringer, and, as such, the subpoena should be quashed. While it is entirely possible that this Anonymous Movant is not the infringer, that does not mean the sought after subscriber information is not relevant.

Plaintiff is entitled to seek information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This rule is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978).

An IP address is well recognized and utilized to assist in identifying a party as a matter of course in all manner of proceedings.

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[1]

The 9th Circuit has consistently held an IP address and the related subscriber information is useful and relevant. See *United States v. Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (probable cause existed where the IP address from which content was shared was traced to the

defendant); *United States v. Hay*, 231 F.3d 630, 634–35 (9th Cir. 2000). See also *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007) (comparing an IP address to a telephone number). See also *AF Holdings LLC v Does 1-1,058*, 2012 WL 3204917 (D.D.C. 2012); *Malibu Media v. Does 1-14*, No. 12-263 (N.D. Ind., 2012).

Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers. *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).

The identity of a subscriber who is the ISP's designated contact for an IP address used to illegally copy plaintiff's movie is clearly relevant and properly discoverable. Plaintiff's subpoena should not be quashed for lack of relevance.

### C. Privacy Concerns in General

More than likely, the real issues behind Anonymous Movants' objections are the logistics forced on the parties combined with innate prejudice based on media reports. Logistics dictate that plaintiff is unable to first contact a potential defendant without seeking the aid of the court. In virtually any other litigation, a plaintiff is able to identify a defendant and negotiate and attempt to settle prior to filing. It is axiomatic that the majority of conflicts between claimants and defendants never result in filed cases. But because plaintiff must first subpoena ISPs and is only then able to identify subscribers on the path to defendants, plaintiff's first contact with parties is generally their notice of a subpoena after a literal "*federal case*" is pending.

There is no gradual easing into an escalating conflict or an exchange of demands that precede the formal complaint. While many people may find a pending case difficult to digest and strenuously object to being associated with such in any way, *there is simply no other option.* This perceived affront is not new to Oregon courts and was the subject of the long fought

*Andersen v. Atlantic Recording Corp.* case wherein Ms. Andersen sought to avenge demands against her by filing claims for fraud and negligent misrepresentation, violations of RICO, abuse of legal process, malicious prosecution, invasion of privacy, deceptive business practices, misuse of copyright laws, and civil conspiracy (and other claims). Ms. Andersen's claims related to allegations that she downloaded music files and the subsequent settlement demand she received. *Andersen v. Atlantic Recording Corp.*, No. 7-934 (D. Or., 2010). In *Andersen*, the outcome was the recognition that despite any affront a party may feel or perceptions to the contrary, *it is the rights holder who has first been injured* and it is the rights holder who *must* come to the court to seek redress for there to be any legitimacy in the judicial process. See also *Sosa v. DirectTV*, 437 F. 3d 923, 937 (9th Cir. 2006) (Petitions Clause protections necessarily extended to 100,000+ settlement demand letters.)

Anonymous Movants object to being pulled into this case, even as a third parties who only provided internet access to the actual infringers. But it is not plaintiff that has pulled Anonymous Movants into this action, but Anonymous Movants who, whether intentionally or inadvertently, allowed infringers to copy plaintiff's motion picture which caused plaintiff's injury. Had either of the Anonymous Movants loaned out a vehicle (or had a vehicle "borrowed" without permission) which was involved in an accident where the only record was the offender's license plate, the result would be no different. Whether as an acting infringer, or only a "lender" of internet access which has an identifiable IP address, Anonymous Movants have been pulled into this case at least to the extent necessary for plaintiff to obtain the identity of the true infringing party.

///

///

## IV. CONCLUSION

Absent a showing of special circumstances, the parties should not be permitted to appear anonymously. There is no privacy interest in an IP address or the related subscriber information. To the extent any party might claim a privacy interest to remain anonymous this is necessarily secondary to a rights holder's claims for infringement injury. While parties may object to being brought into this case, it is the plaintiff who has been first injured and relevant discovery is proper and necessary.

Plaintiff's subpoenas should be allowed.

DATED: April 24, 2013.

                                      Respectfully submitted,

                                      CROWELL LAW

                                      /s/ Carl D. Crowell
                                      Carl D. Crowell, OSB No. 982049
                                      (503) 581-1240
                                      Of attorneys for the plaintiff