Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN OREGON COMPUTER CONSULTING, INC., <br> (Former Doe #1 a/k/a IP 69.1.124.11) <br><br> Defendant. | Case No.: 2:13-cv-00292-AA <br><br> SECOND AMENDED COMPLAINT <br> COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Pursuant to the Order of the Court, plaintiff Voltage Pictures, LLC, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

///

///

## PARTIES

### THE PLAINTIFF

4. Plaintiff Voltage Pictures, LLC ("Voltage" / "Plaintiff") is a limited liability company with principal offices in Los Angeles, California that produces, markets and distributes motion pictures including the subject work in this matter, a motion picture titled *Maximum Conviction*.

### The Rights of the Plaintiff

5. The motion picture in this case, titled *Maximum Conviction*, has been registered with the United States Copyright Office by the author, Maxcon Productions Inc., Registration No. PAu 3-647-070, 2012.

6. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

7. The motion picture is currently offered for sale in commerce.

8. By an assignment recorded with the U.S. Copyright Office, Voltage Pictures, LLC has been assigned rights in the motion picture and has been assigned all rights to bring, prosecute, defend and appear in all suits, actions and proceedings concerning any piracy, infringement or misappropriation of the motion picture and to make any claims as the owner.

9. Under the Copyright Act, Voltage Pictures, LLC is the proprietor of all right, title, and interest in the motion picture, including the right to sue for past infringement.

10. Under the Copyright Act, Voltage Pictures, LLC possesses the exclusive rights to reproduce the motion picture and to distribute the motion picture to the public.

11. Plaintiff's motion picture is easily discernible as a professional work as it was created using professional performers, directors, cinematographers, lighting technicians, set designers and editors and with professional-grade cameras, lighting and editing equipment.

12. Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

## THE DEFENDANT

13. The defendant has been identified as Eastern Oregon Computer Consulting, Inc., an Oregon Domestic Business Corporation, with offices at 611 S.W. Frazer Ave, Pendleton, OR 97801, who was observed using Internet Protocol ("IP") address 69.1.124.11 at 10:09:04 PM UTC on November 8, 2012 to infringe plaintiff's work.

14. The IP address 69.1.124.11 has been identified as a static IP address by the issuing Internet Service Provider ("ISP") Eastern Oregon Telecom to defendant.

15. The use of BitTorrent by defendant and in particular the use of the observed BitTorrent Client Vuse™ has been personally confirmed by Steve K. Amsberry, the president of defendant.

## FACTS OF THE CLAIM

16. Plaintiff has recorded the defendant identified herein as copying and publishing plaintiff's motion picture via BitTorrent, as plaintiff's investigator has downloaded the motion picture via BitTorrent from the defendant identified and others.

17. Defendant Eastern Oregon Computer Consulting, Inc., formerly Doe #1, identified by the IP address of 69.1.124.11, accessed the internet as the subscriber to its ISP account and initiated infringing conduct by first intentionally logging into one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows and software. Defendant then intentionally obtained a torrent file identified by a "hash" which was attached to plaintiff's motion picture from the index and intentionally loaded that torrent file into a computer program or client designed to read such files.

18.     With the torrent file intentionally loaded by defendant, defendant's BitTorrent client (Vuze 4.7.2.0) used the BitTorrent protocol to initiate connections with possibly hundreds of other users possessing and uploading or sharing copies of the digital media described in that same hash, namely, plaintiff's motion picture.  As the motion picture was copied to defendant's computer piece by piece, these downloaded pieces of plaintiff's motion picture were then immediately published and made available for upload to others users' computers. Thus, defendant not only participated in the BitTorrent by downloading the plaintiff's motion picture, but also uploaded or published the work via BitTorrent.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

19.     Defendant, without the permission or consent of plaintiff, copied and distributed plaintiff's motion picture through a public BitTorrent network.

20.     Defendant's actions infringed plaintiff's exclusive rights under The Copyright Act.

21.     Defendant's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights.

22.     As a direct and proximate result of defendant's conduct, plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

23.     Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

24.     The conduct of defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

25.     Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further contributing to the infringement of plaintiff's copyrights and ordering that defendant destroy all copies of plaintiff's motion picture made in violation of plaintiff's rights.

## DAMAGES

26.     With the specific intention of deterring internet piracy such as has been committed by defendant in this case, Congress significantly increased the maximum award for willful infringement from $100,000 to $150,000.

27.     Plaintiff has been damaged and claims damages of $150,000 from defendant pursuant to 17 U.S.C. § 504(c)(2).

### Notice of Further Claims

28.     Plaintiff provides that the trademark VOLTAGE PICTURES has been registered with the State of Oregon, pursuant to ORS 647.015 and plaintiff has rights available to it under ORS §§ 647.105 et seq.

29.     Plaintiff provides notice defendant has failed to properly maintain its registration with the Oregon Secretary of State in violation of ORS §§ 648.007 et seq., and defendant may be liable for violations thereof.

30.     Plaintiff gives notice it may move to elect the full scope of relief available against defendant as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A.      For entry of permanent injunction enjoining defendant from infringing plaintiff's rights in plaintiff's motion picture, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture.

B.	For $150,000 in statutory damages pursuant to 17 U.S.C. § 504.

C.	For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505.

D.	For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: May 15, 2013

          Respectfully submitted,

          CROWELL LAW

          /s/Carl D. Crowell
          Carl D. Crowell, OSB No. 982049
          email: crowell@kite.com
          P.O. Box 923
          Salem, OR 97308
          (503) 581-1240
          Of attorneys for the plaintiff