Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

Wade P. Bettis, Jr.,OSB #720255
Email: wpbettis@bettislaw.com
1906 Fourth Street
La Grande, OR 97850
(541) 963-3313
Attorney for the defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC,<br><br>      Plaintiff,<br>v.<br><br>EASTERN OREGON COMPUTER CONSULTING, INC.,<br><br>      Defendant. | Case No.: 2:13-cv-00292-AA<br><br>STIPULATED CONSENT JUDGMENT |

STIPULATED CONSENT JUDGMENT

    As attested to by the signatures of the parties below, this matter comes before the Court on the parties' joint stipulation.

    On February 19, 2013, plaintiff Voltage Pictures, LLC filed a Complaint against the defendant (and others) in the Oregon District Court, Case No. 2:13-cv-00292-AA for Copyright Infringement, 17 U.S.C. §§101, et seq, for the unlicensed copying and distribution of plaintiff's motion pictured titled *Maximum Conviction*, registered with the United States Copyright Office, Reg. No. Pau 3-647-070, recorded copyrights assigned to plaintiff.

    After initial discovery and investigation, defendant Eastern Oregon Computer Consulting, Inc., ("EOCC") was identified as the party initially named as Doe #1, using Internet

Protocol ("IP") address 69.1.124.11 which was observed infringing plaintiff's motion picture on November 8, 2012.

After EOCC answered (Doc. 26), the parties conducted discovery and conferred. The parties now appear through counsel to fully and finally resolve all claims between the parties and the matters before the Court. Voltage and EOCC have reached a settlement that requires entry of this Stipulated Consent Judgment to fully effect the terms of the settlement and have asked the court to accept and enter this Stipulated Consent Judgment and to proceed consistent with this agreement.

WHEREFORE IT IS HEREBY STIPULATED AND ORDERED for all matters relevant to this case between the parties as follows:

1. This court has jurisdiction over the parties and venue is proper.
2. Plaintiff has valid and enforceable rights in the original copyrighted work, *Maximum Conviction*, registered with the United States Copyright Office, Reg. No. PAu 3-647-070.
3. EOCC is a registered business located in Pendleton, Oregon, and is the proper named defendant in this case.
4. Plaintiff and EOCC expressly consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders, including this stipulation or any other final judgment or orders arising there from.
5. EOCC has fully reviewed the complaint and the allegations of the complaint and specifically admits plaintiff's investigations identifying EOCC's IP address as the infringer were accurate, in particular in accurately identifying its IP address as the IP address used to download and distribute plaintiff's motion picture.
6. EOCC further states and affirms:
    a. EOCC is operated and managed by Steve K. Amsbury.
    b. Steve K. Amsbury is a highly skilled computer technician with over twenty (20) years professional experience in computer and network maintenance and repair.
    c. Steve K. Amsbury is knowledgeable in file sharing systems and has actively managed and operated file sharing networks for over twenty (20) years predating the modern Internet, including managing a multi-line dial-up bulletin board system in the 1980s and participating in the early Stanford University dial-in network exchanges for email and file exchanges in the 1980s.

d.  Steve K. Amsbury is generally recognized in the local community as the regional expert in computer service and repair with an estimated 70-80% market share for the Pendleton, Oregon region.

e.  Steve K. Amsbury services a broad range of general clientele, from individuals to attorneys, to doctors' offices and other professionals who regularly rely on his expertise.

f.  Working at EOCC, Steve K. Amsbury is presented with between five (5) and ten (10) personal computers a day and as many as fifty (50) a week, which are in need of service or repair.

g.  Steve K. Amsbury observes evidence of active participation in peer-to-peer file sharing and piracy on between 20% and 30% of all the computers presented in need of service or repair. Such evidence includes the observation of BitTorrent clients such as Vuze, BitTorrent, μTorrent and Limewire and the presence of "shared" folders on the computers containing shared music and video which is made available to others through the BitTorrent network.

h.  In standard operation, once installed, a BitTorrent client such as Vuze, BitTorrent, μTorrent and Limewire and others are active and running whenever a computer is turned on by default as a background process. In other words, once installed and a user begins to share content, the BitTorrent client will continue to pirate content, by downloading, sharing and re-publishing all content associated with the "shared" folder continuously any time the computer is turned on and given access to the internet until purposefully deactivated by the user.

i.  Piracy and peer-to-peer illegal file exchanges are often responsible for the infection of client's computers and the source of their difficulty. Pirating activity often causes damage to computers that necessitates the need for Steve K. Amsbury's services.

j.  Though they surely exist, Steve K. Amsbury is not aware of any legitimate uses of BitTorrent or peer-to-peer file-sharing clients.

k.  Third party use of a Wi-Fi network to participate in BitTorrent or peer-to-peer file exchanges is often noticed though the significant slowdowns in network speed, sometimes to the point of effectively impairing the use of the Internet.

l.  As a general level of guidance and advice, Steve K. Amsbury advises and will continue to advise clients as to the standard level of care which includes securing

any Wi-Fi access point with a password for security and to preventing unauthorized network access and to reasonably monitor programs running on their computers to ensure other household members or users have not installed BitTorrent or peer-to-peer clients which could be participating in piracy, a common cause of computer problems.

## PERMANENT INJUNCTION

In addition to the above stipulations the parties further consent and agree to the following injunctions:

EOCC is hereby PERMANENTLY ENJOINED from directly, contributorily or indirectly infringing Voltage's rights in its motion pictures, including without limitation by using the internet to reproduce or copy Voltage's motion pictures, to distribute Voltage's motion pictures, or to make Voltage's motion pictures available for distribution to the public, except pursuant to a lawful written license from Voltage.

EOCC is hereby PERMANENTLY ENJOINED from directly, contributorily or indirectly participating in peer-to-peer BitTorrent file exchanges without an express written license from all rights holders as to specific content exchanged.

SO ORDERED, this day: 8/30 2013

_____
United States Judge

So Stipulated and Respectfully Submitted:

On Behalf of Defendant:

Wade P. Bettis, Jr., OSB #720255
Email: wpbettis@bettislaw.com
1906 Fourth Street
La Grande, OR 97850

On Behalf of Plaintiff:

Carl D. Crowell, OSB # 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923

STIPULATED CONSENT JUDGMENT                                    Page 4 of 5